Curia, per
Wardlaw, J.
The consideration of the other questions made in this case, is rendered unnecessary by *287 the conclusion which this court has attained upon the third question presented by the report. Is the 1st section of Statute 11 George 2, c. 19, of force in this State'? See 2 Statutes at Large, 572. Besides the English Statutes expressly enumerated in the Act of 1712, putting in force the Statutes therein particularly mentioned, many others are of force by virtue of the 2d, 3d and 11th sections of that Act; (see 2 Statutes at Large, 401, 413, 415, 549 to 572; the appendixes to Grimke’s P. L. and 1 Brev. Rep. Ii9,) some of which are not to be found in any of our published collections, and much qualification of some of those which are enumerated prevails by virtue of the 4th, 5th and 14th sections of the said Act. There is another class of old English Statutes, like the Statute of quia emptores, which are recognized as part of the common law, which, as it was imported and understood by our ancestors, was enacted by the Act of 1712, and a few of date subsequent to 1712 have authority, because by their terms they were expressly extended to the American Colonies. (See 2 Statutes at Large, 570, 580.) But besides all these, there are certain English Statutes of date subsequent to 1712, or parts of them, to which reference is made in this State, not because of any efficacy either inherent in them or imparted to them by the legislative power here, but because they have given rise to usage in the community or practice in the courts, that has acquired the force of law, and they are looked to as containing the rules of the usage or practice that has given them authority. An instance of an English Statute applicable to all bonds, and confined here to a particular kind of bond, adopted by the practice of the court, we have in the Statute of 9 W. 3, c. 11, sec. 8, as explained in the case of the Treasurers vs. Bates, 2 Bail. 379, and in the later case of the Treasurers for Maloney vs. Buckner, Charleston, February Term, 1842. Of Statutes referred to as rules of authoritative usage, there may be instances in relation to other subjects, of which none now occurs to me; but upon the subject of rent, the remedies for its collection, and the relation of landlord and tenant, there are various striking instances of Statutes never enacted here by legislative authority, yet prevailing as rules of practice or evidences of usage. The case of Solomon vs. Harvey, *288 1 N. & McC., 82, recognizes the Statute 17 Car. 2, c. 7, as having given origin to the practice in our courts of executing a writ of inquiry in cases of rent; and it will be observed that this Statute is of date prior to 1712, and that whilst the 1st and 2d sections of it have been published in Statutes at Large, 552, (the first publication in any collection made in the State,) the 3d section has been omitted, although that section merely gives in cases of judgment for avowant or cognizor upon demurrer, the same remedy given by the 2d section in cases where the plaintiff in replevin may be non-suited; and the 4th and only remaining section of the Act is also omitted, which allows, where the value of the distress may not be found so much as the rent in arrear, “that the party to whom .such arrears were due, his executors or administrators, may from time to time dis-train again for the residue of the said arrears.”
In the case of the City Council vs. Price, 1 McC., 302, Judge Nott says that the action of replevin has undergone so many alterations, that it may now be considered almost a statutory process; and although many of the English Statutes concerning it have not been directly made of force, yet I believe, that with the exception of the Statute 11 Geo. 2, c. 19, they have all been adopted in practice. I say with the exception of that Statute of 11 Geo. 2, if indeed that is an exception. The Statute 4 Geo. 2, c. 28, in particular, has been) said to have been adopted in practice — ■ (See Marshall vs. Giles, 2 Tread. 638,; 3 Brev. Rep., 489,) yet it is to be found in none of our published collections, and upon examination it will appear, that of its seven sections, only the fifth has ever come under the consideration of our courts, (which gives like remedy by distress for recovery of rents seek, rents of assize and chief rents which have been answered or paid for three years, as in case of rent reserved upon lease,) whilst the sixth, which permits the renewal of a chief lease without surrender of the under leases, is perhaps adopted by us, and the other five sections are either inapplicable to our institutions, or have been superceded by our legislation.
The Statute 11 Geo. 2, ch. 19, consists of twenty-three sections, and at various times several of its provisions have been recognized as of force here, whilst at all times from *289 the publication of Grimke’s Justice, in 1788, (see 3d edit, p. 139, 147,) down to this time, the admission that it has not been made of force, has always accompanied the recognition. The 23d section is in daily use; referred to in Grimke’s Justice, acknowledged by Judge Nott in 1 McC., 302, and yet in 3 McC., 44, not implicitly obeyed. The 22d section is expressly sanctioned in Moorhead vs. Barrett, Cheves, 100. About the 21st section doubt is expressed in Bagwell vs. Jamison, Cheves, 251, and upon the same footing of expediency and usage as this, seem to stand the 19th and 20th sections. The 18th has been superseded by our Act of 1808, (5 Statute at Large, 565; ) the 14th is referred to by Grimke’s Justice, p. 139, and is the origin from which the action of use and occupation familiar to our practice has proceeded ; the 11th is conformable to a principle often applied in our Law of Real Estates; portions at least of the 10th and 13th, would probably be found to be adopted in our practice; upon the 8th, 9th, 15th, 16th and 17th, some diversity of opinion might exist; the 12th and some of the seven first are clearly inapplicable to our institutions and practice, and the question is how, as to the first, with which the six next, following, are closely connected.
The 2d section of Statute 8. Ann, c. 14; 2 Statute at Large, 447, of force by the provisions of the Act of 1712, authorizes a landlord, in case of a fraudulent removal of goods from the premises, with intent to prevent their being distrained for arrears of rent, to seize them as a distress, wherever they may be found, within five days after removal ; and the 1st section of the Statute 11 Geo. 2, c. 19, in almost the same words used in the Statute of Ann, authorizes the landlord, to seize such goods within thirty days after the removal. Is the rule with us five days, or thirty days? There is no evidence of any usage which has adopted the longer space, and when it is observed that Grimke’s Justice, p. 145, speaking of the landlord’s right in question, confines it to five days, and it is remembered how influential that book has been in directing the practice of magistrates and landlords, there is much reason to conclude that all usage has been in favor of the law found on our Statute book. In confirmation of this conclusion, is the *290 case of Brown vs. Duncan, Harp. Law Rep. 337, which, whilst it decides the fourth question in this case, in a manner fatal to the defendants, seems by the assent of the court and all persons concerned in the case, to take the space of five days prescribed by the Statute of Ann as the limit of the landlord's right to pursue goods removed It would, under these circumstances, be a dangerous stretch of power, for this court to amend an Act of the Legislature, in a matter affecting rather the rights of parties, than the practice of the courts, because an amendment, supposed to be expedient, is suggested by an English Statute, which of itself, is not of force, here, although many of its other provisions have been adopted as rules of practice, or as evidences of established usage.
Note. — Two of the grounds of appeal in this case, in reference to points in the pleadings, together with so much of His Honor’s report as relates to that subject, are omitted. From, the questions discussed and decided by the court, their publication, it will be perceived, was unnecessary.
The right of the avowants, then, depending upon the “space of thirty days,” and not being covered by the “ space of five days.”
A new trial is ordered.
Richardson, O’Neall, Evans and Butler, JJ., concurred.